**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JONATHAN COX, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-124 |
| ALCON CONTRACTORS, LLC AND MARK GARCIA, INDIVIDUALLY, | § § § § § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jonathan Cox, on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendants Alcon Contractors, LLC and Mark Garcia, Individually ("Defendants").

### I.      PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendant Alcon Contractors, LLC is a residential and commercial contractor working in and around the San Antonio area, specializing in site work and excavation. Defendant Mark Garcia is the owner of Defendant Alcon Contractors, LLC.

1.2     Plaintiff Jonathan Cox was employed by Defendants as a non-exempt general laborer.

1.3     Jonathan Cox was paid on a day rate basis.

1.4     Jonathan Cox consistently worked between 50 and 55 hours per week.

1.5     Jonathan Cox and the putative class were misclassified as independent contractors.

1.6     Jonathan Cox, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.7     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to non-exempt employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Jonathan Cox is an individual residing in Kendall County, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.      Defendants**

3.2      Defendant Alcon Contractors, LLC is a domestic limited liability company with its primary place of business in San Antonio, Texas.

3.3      Alcon Contractors, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4      Alcon Contractors, LLC can be served with process by serving its registered agent, Mark Garcia, at 9201 Linbrooke, San Antonio, Texas 78250 or at 1603 Babcock Road, Suite 120, San Antonio, Texas 78229.

3.5      Defendant Mark Garcia is the owner of Alcon Contractors, LLC.

3.6      At all times relevant to this claim, Mark Garcia acted directly or indirectly in the interest of Defendant Alcon Contractors, LLC in relation to Cox's employment.

3.7      Mark Garcia was an employer of Cox as defined by 29 U.S.C. §203(d).

3.8      At all times hereinafter mentioned, Mark Garcia has exercised managerial responsibilities and substantial control over Defendants' employees, including Cox, and the terms and conditions of their employment.  Garcia has the authority to, and has exercised his authority to: hire, fire and direct Defendants' employees, including Cox; supervise and control the employment relationships and work schedules of Defendants' employees, including Cox; set and determine the rate and method of pay of Defendants' employees, including Cox; and decide whether Cox receives overtime compensation.  Defendant Mark Garcia also kept business records for Defendants' employees, including Cox.

## IV.      FLSA COVERAGE

4.1      For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3     At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.5     At all relevant times, Defendants Alcon Contractors, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.6     At all times hereinafter mentioned, Defendants Alcon Contractors, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4.9     As general laborers, Plaintiff and those similarly situated handled items including automobiles, loaders, bulldozers and excavators that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide commercial and residential site and excavation work in and around San Antonio, Texas.

5.2     Defendants employed Jonathan Cox as a general laborer during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Jonathan Cox and those similarly situated on a day rate basis.

5.4     Jonathan Cox and all those similarly situated consistently worked over forty hours per week.

5.5     Jonathan Cox and all those similarly situated were non-exempt employees.

5.6     Defendants misclassified Jonathan Cox and all those similarly situated as independent contractors.

5.7     Defendants failed to pay Jonathan Cox and all those similarly situated overtime premiums for any hours worked over forty per week.

5.8     At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.9     Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.10     Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policies of Defendants that are in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as day rate laborers at any time three years prior to the filing of this lawsuit to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendants paid Plaintiff and the Collective Class on a day rate basis and suffered and permitted them to work more than forty hours per week.   Defendants did not pay either Plaintiff or the Collective Class overtime premiums for any hours worked beyond forty per week.

6.4      Though their job titles may vary, the members of the Collective Class were all day rate laborers.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums for such hours.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jonathan Cox and all others similarly situated respectfully pray that Defendants Alcon Contractors, LLC  and Mark Garcia be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants, jointly and severally:

a.     Actual damages for the full amount of their unpaid overtime compensation;

b.     Liquidated damages in an amount equal to their unpaid overtime compensation;

c.     Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.     Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8

e.      Such other and further relief, at law or in equity, as this Honorable Court may find
        proper.


                                Respectfully submitted,

                                /s/  Douglas B. Welmaker
                                Douglas B. Welmaker
                                Attorney-in-Charge
                                State Bar No. 00788641
                                Moreland Verrett, PC
                                700 West Summit Dr.
                                Wimberley, Texas 78676
                                Phone: (512) 782-0567
                                Fax: (512) 782-0605
                                Email: doug@morelandlaw.com


                                **ATTORNEY FOR PLAINTIFF**